**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES FRAZIER,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **THE ATTORNEY GENERAL** | : | |
| **OF THE STATE OF PENNSYLVANIA,** | : | **NO. 15-2860** |
| **et al.,** | : | |
| | : | |
| **Respondents.** | : | |

<u>**ORDER**</u>

**AND NOW**, this __19th__ day of January, 2017, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), Respondents' Response to the Petition for Writ of Habeas Corpus (Doc. 9), Petitioner's Traverse to State's Response Opposing Frazier's Petition for Habeas Corpus Under 28 U.S.C. 2254 (Doc. 12), the Report and Recommendation of United States Magistrate Judge Richard A. Lloret (Doc. 13), and Petitioner's Objections to Report and Recommendation of Magistrate-Judge (Doc. 14), **IT IS HEREBY ORDERED AND DECREED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

2. The Petition for Writ of Habeas Corpus is **DENIED WITH PREJUDICE**; and

3. There is no probable cause to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

1

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, C.J.**

_____

[1]      In addition to the reasoning set forth in Magistrate Judge Lloret's Report and Recommendation, and as it pertains to Petitioner's assertion of actual innocence, the Third Circuit case of *Sistrunk v. Rozum*, supports the conclusion that Petitioner has not presented a viable claim of actual innocence.  674 F.3d 181 (3d Cir. 2012).

        In *Sistrunk*, the petitioner was convicted of murder and sentenced to life imprisonment. *Id*. at 184.  Seven years after his conviction, and after an unsuccessful Post Conviction Relief Act ("PCRA") petition, the petitioner filed a second PCRA claim alleging that he had uncovered new evidence that, in the intervening years, a previously unknown person had confessed to having committed the murder for which petitioner had been convicted. *Id*. at 185.  The second PCRA claim, however, was dismissed. *Id*.  Four years after filing his second PCRA claim, and eleven years after his initial conviction, the petitioner filed a third PCRA claim alleging that he had uncovered additional new evidence that a key prosecution witness had perjured himself at the petitioner's murder trial by testifying, falsely, that petitioner was the killer. *Id*.  Ultimately, the petitioner filed a federal habeas petition in the District Court for the Eastern District of Pennsylvania in which he argued that he was entitled to an evidentiary hearing in light of the new evidence of his actual innocence and that any temporal bars to his claims should be excused or tolled. *Id*.

        The Third Circuit held, however, that the petitioner failed to establish his entitlement to equitable tolling for actual innocence "because he [could not] show that he [was], in fact, innocent." *Id*. at 191.  In order to succeed on a claim of actual innocence, the Third Circuit explained, a petitioner must demonstrate that he has "(1) new evidence, (2) that is reliable, and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)).  In *Sistrunk*, the petitioner failed to establish each of the three conditions for his actual innocence claim to succeed. *Id.*

        Regarding the first condition, the Third Circuit found that the petitioner's "new" evidence was not actually "new" because the petitioner knew of the evidence or could have known about the evidence at the time of trial if he had exercised reasonable diligence. *Id*. at 188.  Regarding the second condition, the Third Circuit found that the evidence presented was not reliable because, among other things, the recantation of the prosecution's witness was not credible in view of the great suspicion that courts have for such recantation testimony. *Id*. at 191. Recantation of earlier trial testimony is "very often unreliable . . . and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction." *Id*. (citing *Dobbert v. Wainwright*, 484 U.S. 400, 414 (1984)).  Regarding the third condition, the Third Circuit found that the evidence was not "so probative of his actual innocence" given the "supremely high bar" set by the *Schlup* standard.

In the present case, the evidence presented by Petitioner is substantially similar to the evidence presented by the petitioner in *Sistrunk* that was found insufficient to establish a claim of actual innocence.  The Court agrees with the analysis set forth in the Report and Recommendation regarding the insufficiency of Petitioner's evidence of actual innocence.  *See generally* R. & R. at 9–14 (analyzing Petitioner's actual innocence claim and explaining, in detail, why Petitioner's allegedly "new" evidence is insufficient).  For the reasons articulated in the Report and Recommendation and in view of the holding of *Sistrunk*, Petitioner's actual innocence claim must be denied.